CITY OF MARSHALLTOWN v ROOT VAN LINES

1. EVIDENCE—ADMISSIONS—FORMER DEFENDANT—HARMLESS ERROR.
   Admission of statements by a former party defendant, where insufficiently substantial to be prejudicial to the present defendant, is harmless error, if error at all.

2. AUTOMOBILES—EVIDENCE—INFERENCES.
   A record clearly indicating that defendant's truck was found with the lights burning, the engine running, and the doors unlocked, creates a permissible, if not inevitable, inference that it moved because it was insufficiently braked or chocked, or that if it was unauthorizedly driven, the defendant took insufficient precautions against that, in an action by a city for damages to its building caused when defendant's truck, parked in a city lot, somehow ran into the building.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 May 9, 1972, at Grand Rapids. (Docket No. 12635.) Decided July 26, 1972.

Complaint by the City of Marshalltown against Root Van Lines, Inc., for negligence in the operation of one of defendant's vehicles. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stapleton & Adams, P. C.* (by *Brian M. Barkey),* for plaintiff.

*Daudert & Barron,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 797 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1002–1005.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Plaintiff is an Iowa municipal corporation. Defendant is the operator of a truck line. In the course of its trucking operation defendant's employee drove into plaintiff's corporate limits and stopped his tractor-trailer rig. A police officer told him he could not park where he was and to move the unit to a lot across the street from one of the city's buildings—referred to in the record as the Sewer Dept. and Fire Station. The officer was somewhat equivocal as to whether he told the driver he could leave the engine running while the rig was unattended—if such alleged permission makes any difference.

Some time later two other police officers found that the sizable unit loaded with Christmas trees had made, to say the least, an unauthorized and certainly unconventional entry into the city's building, occasioning thereby $4,420 dollars worth of damages to it.

The city sued the trucking company and the driver. For some reason or other he was dismissed but he was there and did testify as a defendant before trial. Thus, says the defendant company, certain statements made by the driver, clearly hearsay as testified to by the officer, were not exceptions as admissions against interest because the driver was no longer a party defendant. Whatever the merits of this resourceful contention, what the driver was alleged to have said was insufficiently substantial to have prejudiced defendant. If the admission of the testimony was error, it was harmless error at best.

Other error is assigned on the basis of the city's contributory negligence in directing defendant's driver to park at the place the officer designated. Contributory negligence is not so lightly established. The record is clear that when the rig was

found the lights were burning, the engine running and the doors unlocked. How the truck found its way to the city's building is unclear. Admittedly, the operator did not drive it there. The unit is too big to push and unsusceptible of remote control. It seems a permissible, if not an inevitable, inference that it took off because it was insufficiently braked or chocked. If it was unauthorizedly driven into the city's building, defendant took insufficient precautions against it.

A discussion of the legal question of defendant's liability under the Iowa ownership statute would profit the bench and bar of either state little, if at all. We find the contention without merit. We find no reversible error. The judgment is affirmed. Costs to plaintiff city.

All concurred.